[Civ. No. 16782.   Second Dist., Div. Three.   July 29, 1949.]

THEODORE R. WEBER et al., Appellants, v. RUBY F. SCHULTZ, et al., Respondents.

Edward S. Cooper for Appellants.

W. L. Pollard and John E. Prater for Respondents.

WOOD, J.—In this action for damages for alleged wrongful eviction, judgment was for defendants. Plaintiffs appeal from the judgment and from the order denying their motion for a new trial.

In 1942, plaintiffs rented an unfurnished dwelling house from defendant Finley, who is a real estate broker and the son of defendant Mrs. Schultz, the owner of the property. The court found that on December 3, 1946, plaintiffs voluntarily abandoned and surrendered said premises to defendants; that about November 15, 1946, defendants advertised the property for sale; that plaintiff Mrs. Weber stated to defendant Finley that if he would endeavor to sell her furniture for the sum of $1,000 she would surrender and abandon the premises on or about November 28, 1946; that the said Finley agreed to sell the furniture and "that thereafter on or about the 2nd day of December, 1946 the said Mary Weber agreed to abandon and deliver up to the defendant Finley the possession of said premises on the 3rd day of December, 1946, leaving in said premises all the furniture to be sold, and taking from said premises all her personal belongings and likewise taking the refrigerator which she was not selling."

Appellants contend that the evidence does not support the finding that there was an abandonment of the premises by agreement. There was evidence as follows: The property was listed for sale with Mr. Finley in the early part of November, 1946, and he put a "for sale" sign on the premises. On November 15, 1946, Mrs. Weber called him by telephone and asked if he would sell her furniture if she gave immediate possession of the house. Mr. Finley replied that he would sell her furniture because that would help him sell the house. Mrs. Weber replied that she wanted about $1,000 for the furniture. On November 28, 1946, Mrs. Weber rented a room in a hotel. She told the owner of the hotel that she would be a permanent guest; that her landlord was selling the house where she was "staying," and she had agreed to give possession of the house provided he would sell her furniture for her; that she would have her refrigerator moved into the hotel; and that she had a telephone at the house which she would like to have moved into her room at the hotel. On that same day (Nov. 28th) she called Mr. Finley by telephone and told him that she had found a place to which she could move, and that she thought she would give him possession of the house "over the weekend." On December 2, 1946, Mrs. Weber called Mr. Finley

by telephone and said she had been unable to move during the weekend but that he could have possession of the house on the following day. On December 3, 1946, she called Mr. Finley by telephone and told him that she was leaving the house key in the light well by the front door. Plaintiffs moved into the hotel about December 3d, taking with them clothes, sheets, blankets, pillows, draperies, dishes, knives and forks. A few days later the refrigerator was moved into a room or "community kitchen," which adjoined plaintiffs' room in the hotel, and the telephone was moved and installed in the house of Mrs. Weber's sister. Plaintiffs left a few cups, saucers and pans in the house, but they left no clothing. Mr. Finley inspected the house on December 3, 1946, and found that the plaster was chipped, that there were holes in the bathroom wall and an oily substance on another wall. On December 8, 1946, he showed the house to prospective buyers in an attempt to sell it "as is." That night he made arrangements with a painter to paint the interior of the house. On December 10th, Mrs. Weber came to the house and told the painter "to cover up her furniture"—that Mr. Finley was going to sell it with the house, and she did not want the furniture damaged. (Mrs. Weber testified at the trial that Mr. Finley was going to redecorate the interior of the house and that the agreement [relative to moving] was that she was to be out of the house while the painting was being done.) On December 11th, Mr. Weber took Mrs. Weber in an automobile to Mr. Finley's home, and Mr. Weber remained outside while Mrs. Weber went into the house. She offered a check to Mr. Finley for rental of the house (where she had lived), saying that since her furniture was in the house "she felt that she should pay something." Mr. Finley refused to accept the check. In a telephone conversation the next day (Dec. 12th), Mrs. Weber told Mr. Finley that she was going to advertise her own furniture for sale and she would be at the house all the time so she could sell it. Mr. Finley replied that he was selling the house anyway and it would be no trouble for him to try to sell her furniture. Mrs. Weber then told him that she intended to move back into the house that night, and he could do what he wanted about it. Mr. Finley thereupon had the lock on the front door changed.

The evidence was sufficient to support the findings that Mrs. Weber had agreed to abandon the premises, and that plaintiffs voluntarily abandoned and surrendered the premises to the defendants. Appellants assert that there is nothing in the

record to show an abandonment on the part of Mr. Weber. He moved from the house into the hotel. Although Mrs. Weber rented the hotel room and made all the arrangements with the owner of the hotel relative to living there, it does not appear that he objected in any manner to the arrangements which she had made. He accompanied her to the home of Mr. Finley but he remained outside when she went in and offered to pay rent. It could be inferred from the evidence that, in the matters pertaining to moving from the house, Mrs. Weber acted with the knowledge and consent of Mr. Weber.

The judgment is affirmed, and the appeal from the order denying the motion for a new trial is dismissed.

Shinn, P. J., and Vallée, J., concurred.